NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1901
_____

IN RE: JULIO CHRISTIAN,
                                        Petitioner

_____

On Petition for a Writ of Mandamus to the
United States District Court for the Eastern District of Pennsylvania
(D.C. No. 2:20-cv-01424)
District Judge: Honorable Michael M. Baylson

_____

Submitted Pursuant to Fed. R. App. P. 21
on June 25, 2020

Before: AMBRO, GREENAWAY, JR., and BIBAS, <u>Circuit Judges</u>

(Opinion filed:  August 17, 2020)
_____

OPINION[*]
_____

PER CURIAM

    Julio Christian has filed a petition for a writ of mandamus asking us to direct the U.S.

District Court for the Eastern District of Pennsylvania to enter judgment in his favor in his

civil rights case. For the following reasons, we will deny the petition.

_____

[*]  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In March 2020, Christian submitted his pro se complaint against the City of Philadelphia and other defendants. He alleged constitutional violations arising from an unlawful police search of his home on January 19, 1985. On March 12, 2020, the District Court assigned a docket number and a presiding judge to his case. Christian then filed this mandamus petition, dated April 17, 2020, asserting that the presiding District Judge "failed to provide Plaintiff with [a] 30 day administrative order to proceed in forma pauperis, and/or to submit [a] (6) month certified statement of account to commence with the process." Mandamus Petition ¶ 2, C.A. Dkt. No. 1-1 (capitalization altered).[1] Christian also filed documents in support of his mandamus petition, reiterating his request for entry of judgment on his pending complaint, declaring his entitlement to relief because more than thirty days have passed since he filed his petition. He also seeks other relief, including reversal of the judgment against him, release from custody, transport by a U.S. Marshal to the City of Philadelphia, and a damages award.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must "establish that (1) 'no other adequate means [exist] to attain the relief he desires,' (2) the party's 'right to issuance of the writ is "clear and indisputable,"' and (3) 'the writ is appropriate under the

---

[1] Upon Christian's application to this Court, by order dated May 26, 2020, this Court granted him in forma pauperis status for these mandamus proceedings.

circumstances.'" <u>Hollingsworth v. Perry</u>, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (quoting <u>Cheney v. U.S. Dist. Court</u>, 542 U.S. 367, 380–81 (2004)).

Christian asserts that his situation is extraordinary and warrants mandamus relief because the District Court's inaction on his complaint denies him due process and access to the courts. We discern no such extraordinary circumstances here. Generally, a court's management of its docket is discretionary, <u>Alaska v. Boise Cascade Corp. (In re Fine Paper Antitrust Litig.)</u>, 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a certain manner, <u>see</u> <u>Allied Chem. Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 36 (1980). It is true that we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction." <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996). But given that Christian pursued mandamus relief less than two months after he submitted his complaint to the District Court, we find no undue delay. <u>See</u> <u>id.</u> (district court's delay of almost seven months did not warrant mandamus relief); <u>see also</u> <u>Hassine v. Zimmerman</u>, 160 F.3d 941, 954 n.12 (3d Cir. 1998) (noting that district court delay must be "extraordinary" to warrant mandamus relief).

Besides, on March 12, 2020, upon docketing Christian's case, the District Court gave Christian a five-page Notice of Guidelines, specifying the docket number and informing him of procedures for pro se litigants. In particular, pages 2–3 of this notice provide information about the fee requirements and, alternatively, about filing a motion to proceed in forma pauperis. Even though Christian refers to this notice in his mandamus petition, he does not allege that he has made any attempt to submit the fee or to file a motion to proceed in forma pauperis. We are confident that the District Court will allow the complaint to

3

follow the usual course of proceedings if Christian completes this initial required process. Thus, we conclude that there is no basis here for us to deploy an extraordinary remedy.

For the foregoing reasons, we will deny the petition for a writ of mandamus.